UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TOMARCUS PORTER, #743697**                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO. 22-4036**

**AARON BENNETT, ET AL.**                                      **SECTION: "L"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Tomarcus Porter, a state prisoner, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. He sued Lieutenant Aaron Bennett, Master Sergeants Dillon Tynes, Lloyd Spears, and Jeremy Thomas, and Nurse Karen Ladner. In his complaint, plaintiff's statement of his claim, in its entirety, is as follows: "I have it on camera and in the RVR that Aaron Bennett put me in a ankle lock. I have it in my medical records that I have a avulsion fracture to my right foot."[1]

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing in this matter on January 31, 2023. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

---

[1] Rec. Doc. 1, p. 5.

At that Spears hearing, plaintiff testified as follows: In March or May of 2021, as plaintiff was being removed from his cell so that officers could conduct a search, Master Sergeant Dillon Tynes rammed plaintiff's head into the wall and Lieutenant Aaron Bennett placed plaintiff in an ankle lock. Master Sergeants Lloyd Spears and Jeremy Thomas thereafter carried plaintiff off the tier. He was then examined by Nurse Karen Ladner, who simply looked at his ankle and ordered him to return to his tier. After that examination, Spears and Thomas required plaintiff to walk back to his tier on his own. Approximately one week later, his ankle was x-rayed, and he saw a doctor who said that the x-ray showed an avulsion fracture. He was given an ankle brace and a muscle relaxant.

After the Spears hearing, the Court ordered the prison to produce plaintiff's disciplinary records, medical records, and grievance records. Those records, which are being separately filed into this federal record and which have been provided to plaintiff for his use in this proceeding, confirmed that the foregoing incident occurred on May 22, 2021.

The disciplinary records reflect that, on May 26, 2021, plaintiff was convicted of the disciplinary offenses of defiance and aggravated disobedience in connection with the May 22 incident.

The medical records reflect that Nurse Ladner examined plaintiff on May 22 after the incident, and her notes stated: "NO TX NEEDED AT HIS TIME. OFFENDER IN SLEET LOBBY ALERT AND ORIENTED. REUSES [sic] VITAL SIGNS STATES HIS RIGHT ANKLE HURTS. BOTH ANKLES EXAMINED. NO EDEMA NOTED. HAS ROM. OFFENDER WAS NOTED WALKING BACK TO CELL." The medical records also reflect that

the x-rays were taken on June 1, 2022, and that Dr. Robert Cleveland's notes from the following day stated:

> X-rays have been done and resulted. Offender Porter has a small avulsion fracture the dorsal aspect of the talar head. It is nondisplaced and there are no other fractures. And no focal soft tissue swelling. Discussed the findings with offender Porter and explained to him that there is no clinical significance to the fracture other than the fact it will make it hurt longer because it is a fracture, but it will heal without any complications. He is already taking Parafon forte 500 mg 3 times a day and Keppra liquid.
> Please order Tylenol 500 mg x 2 3 times daily as needed x6 months.
> Return to HCP clinic for follow up in 2 months.
> Sick call as needed.

The grievance records reflect that, on June 5, 2022, plaintiff filed an administrative grievance (No. RCC-2021-386) regarding the May 22 incident, complaining that excessive force was used against him and that he did not receive proper medical care for his resulting injuries. That grievance was denied on July 19, 2021, with the reviewing official finding that "[t]he use of force and medical treatment were appropriate." Plaintiff appealed that denial, and, on August 17, 2021, that appeal was likewise denied. Plaintiff signed an acknowledgement of receipt of that denial on August 20, 2021.

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous …." 28 U.S.C. § 1915(e)(2)(B)(i).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law similarly requires:  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …."  28 U.S.C. § 1915A(b)(1).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

For the following reasons, the undersigned recommends that plaintiff's claims be dismissed with prejudice as frivolous because they were prescribed at the time the complaint was filed.

The United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year.  Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998).  "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).  However, federal law governs when a Section 1983 claim accrues.  Jacobsen, 133 F.3d at 319.  This court has stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Gartrell, 981 F.2d at 257.  As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'"  Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016).  Accordingly, plaintiff's claims accrued when this incident occurred on May 22, 2021, and the statute of limitations required that he then file suit with respect to his claims within **one year**.

Because plaintiff's claims accrued on May 22, 2021, and because his federal complaint was filed no earlier than October 12, 2022,[2] the claims were clearly prescribed at the time of filing unless the one-year statute of limitations was tolled. Relevant here, the United States Fifth Circuit Court of Appeals has expressly held that, in a Louisiana case, the limitations period is tolled while an inmate is exhausting mandatory administrative remedies:

> In Rodriguez v. Holmes, 963 F.2d 799 (5th Cir. 1992), a prisoner civil rights suit filed in Texas, this court held that the Texas statute of limitations was tolled while the plaintiff exhausted his available state administrative remedies. Louisiana law similarly recognizes required exhaustion of administrative remedies as a ground to toll prescription. The Louisiana Civil Code, Article 3492, establishes a one-year liberative prescription for civil actions sounding in tort. See LA. CIV. CODE ANN. art. 3492 (1994); cf. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989) (affirming an application of article 3492 to a section 1983 claim). "Prescription runs against all persons unless an exception is established by legislation." LA. CIV. CODE ANN art. 3467 (1994). Louisiana courts do not apply prescription against a party who is legally unable to act. See Burge [v. Parish of St. Tammany], 996 F.2d [786,] 788 (5th Cir. 1993) (citing Plaquemines Parish Comm'n Council v. Delta Dev. Co., 502 So.2d 1034, 1055-56 (La. 1987)). "This doctrine, probably founded on the principles of equity, justice, fairness, or even natural law suspends the running of prescription when the 'plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.'" FDIC v. Caplan, 874 F. Supp. 741, 745 (W.D. La. 1995) (quoting Wimberly v. Gatch, 635 So.2d 206, 211 (La. 1994)). Once a plaintiff becomes legally capable of bringing an action to vindicate or enforce his rights, prescription resumes. See LA. CIV. CODE ANN. art. 3472 (1994).
> Louisiana courts recognize four distinct factual situations involving a legal inability to act which may toll prescription:
>
> > (1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action.

---

[2] Plaintiff is a *pro se* prisoner, and so his complaint is "deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court." Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Here, that date is not apparent from the record; however, it obviously was no earlier than the date on which he signed the complaint. See, e.g., Smith v. Tanner, Civ. Action No. 18-3719, 2018 WL 6204617, at *6 (E.D. La. Nov. 11, 2018), adopted, 2018 WL 6199974 (E.D. La. Nov. 27, 2018). Plaintiff signed his complaint on October 12, 2022. See Rec. Doc. 1, p. 6.

> *In re* Medical Review Panel Proceeding Vaidyanathan, 719 So.2d 604, 607 (La. Ct. App. 1998); see also Burge, 996 F.2d at 788.
>
> [Plaintiff] could not file this federal civil rights suit until he exhausted the available state administrative remedies, as section 1997e requires. This exhaustion requirement functioned as a "legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action." Id. (prescription tolled during exhaustion of state habeas remedies); see also Whitley v. Hunt, 158 F.3d at 886. While [plaintiff] pursued his administrative remedies …, the prescriptive period was tolled.

Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (footnote omitted).

Here, therefore, plaintiff's limitations period was tolled while he pursued his administrative remedies with respect to his claims, i.e. from June 5, 2021 (when he filed his grievance) through August 20, 2021 (when he was notified that his appeal was denied). However, that period of tolling does not ultimately aid him, because he had allowed thirteen (13) days to elapse untolled before he filed his grievance and then allowed another four hundred seventeen (417) days to elapse between the time he received notice of the appeal denial and the filing of this federal complaint. Accordingly, even when plaintiff is given the benefit of that tolling, his instant federal complaint was still filed more than two months after the limitations period expired. Accordingly, his claims were prescribed at the time of filing, and prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008).

The Court also notes that plaintiff has filed a motion seeking immediate injunctive relief.[3] Although he in part sought a temporary restraining order, the motion must be construed as one for

---

[3] Rec. Doc. 15.

a preliminary injunction, because the desired relief would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 F. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction:  (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest.  See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).  He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.  See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

Because the complaint should be dismissed for the reasons already explained, plaintiff cannot show that there is a substantial likelihood that he will succeed on the merits of his claims.[4] Therefore, the motion should be denied.

---

[4] Moreover, it should also be noted that the motion requests injunctive relief concerning conduct unrelated to the underlying claims of this lawsuit.  That is an additional reason such relief would not be appropriate.  For example, in a case in which a prisoner tried a similar tactic, the United States Eighth Circuit Court of Appeals explained:

> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.  See Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc).  Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction," Rec Doc. 15, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

claimed in the party's motion and the conduct asserted in the complaint. See Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. See Stewart v. United States I.N.S., 762 F.2d 193, 198-99 (2d Cir. 1985). Thus, the district court correctly ruled as a matter of law that Devose was not entitled to a preliminary injunction.

Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Accord Power v. Starks, No. 4:16-CV-00045, 2017 WL 2062940, at *1 (N.D. Miss. May 12, 2017) ("Because a preliminary injunction depends on the prisoner's likelihood of success on the merits, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit. Accordingly, courts have routinely declined to grant a prisoner injunctive relief related to conduct unrelated to the underlying claims of his lawsuit." (citations, quotation marks, and brackets omitted)); Lando & Anastasi, LLP v. Innovention Toys, L.L.C., Civ. Action No. 15-154, 2015 WL 12564201, at *2 (E.D. La. Oct. 15, 2015) ("[W]hile a preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." (quotation marks and brackets omitted)); Schwartz v. United States Department of Justice, Civ. Action No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." (citations and quotation marks omitted)).

result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this __6th__ day of March, 2023.

                                                                                  **JANIS VAN MEERVELD**
                                                                                 **UNITED STATES MAGISTRATE JUDGE**